UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODNEY G. HEBBELER,

    Petitioner,

    v().

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 17-cv-1114-JPG

Criminal No 15-cr-40084-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Rodney G. Hebbeler's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and his amendment to that motion, which the Court construes as a motion for leave to amend (Doc. 4). On July 12, 2016, the petitioner pled guilty to six counts of possession with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), each occurring on a separate date within the period of January 30, 2015, to April 7, 2015. On November 20, 2016, the Court sentenced the petitioner to serve 87 months in prison on each count, all to run concurrently. The petitioner did not appeal his conviction.

**I.    § 2255 Motion**

The Court will grant Hebbeler's motion to amend his § 2255 motion and considers the arguments in that amendment in this analysis. In his § 2255 motion and amendment, the petitioner raises ineffective assistance of his counsel, Cheryl Whitley, in violation of the Sixth Amendment right to counsel. Specifically, he alleges she was ineffective by:

1. failing to adequately advise him leading to his sentencing, resulting in:
    a. an incorrect description of a prior conviction in his presentence investigation report ("PSR" ¶ 42) which, in turn, makes him ineligible for assignment to a prison camp and drug treatment program; and
    b. an incorrect statement in the PSR (¶ 11) that he used drugs in front of his children;[1]

---

[1] To the extent Hebbeler claims Whitley was ineffective generally for failing to review the PSR adequately with him, he has pointed to no specific instance or consequence other than the two instances

2. misleading him as to the contents of the plea agreement regarding the length of his sentence; and

3. failing to object to the use of prior state convictions to support "career criminal" status that were older than the sentencing guidelines allow.

## II.  Analysis

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

All of the grounds Hebbeler asserts as a basis for § 2255 relief rely on assertions of ineffective assistance of counsel in violation of the Sixth Amendment. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves*

---

described here. Consequently, he has not articulated any ground for § 2255 relief based on pre-sentence advice other than those instances.

2

*v. United States*, 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the second prong of the *Strickland* test, the plaintiff "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694); *accord Groves*, 755 F.3d at 591.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Grounds 1.a, 1.b, and 3.

    A.    Ground 1.a

Hebbeler complains that his counsel did not perform competently when she failed to adequately review the PSR with him, which resulted in an incorrect description of a prior conviction in PSR ¶ 42. Specifically, he claims that the PSR incorrectly indicated his 1993 charge for home invasion was reduced to aggravated battery when, in fact, it was really reduced to simple battery, a misdemeanor. He claims that when he told Whitley of this mistake, she told him it had no effect and did not need to be pointed out to the Court. He is upset now because an official at the Bureau of Prisons ("BOP") has informed him he is ineligible for camp facility placement and may be ineligible for the BOP's drug treatment program because of the aggravated battery conviction.

As a preliminary matter, Ground 1.a challenges only a non-custodial aspect of Hebbeler's

3

sentence—a description in the PSR of one of his prior convictions. The conviction, even if erroneously described, did not earn Hebbeler any criminal history points and therefore, as Whitley apparently correctly advised him, had no effect on his sentence. This is not the type of serious error cognizable in a § 2255 proceeding. *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007) (challenge to restitution order not cognizable under § 2255); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) (same).

Additionally, it appears the PSR does not say what Hebbeler apparently believes it does. On the contrary, it clearly indicates that in Case No. 1993-CF-8, the charges of home invasion (Count 1 in that case) and one aggravated battery (Count 3 in that case) were dismissed and the other charge of aggravated battery (Count 2 in that case) was reduced to simple battery, a misdemeanor. The PSR stated, in pertinent part with respect to that prior conviction:

> The information charged the defendant, on January 10, 1993, committed the offense of home invasion, in that he entered the dwelling of Peggy Cooper, in West Frankfort, Illinois, knowing Mark King to be present within that dwelling and intentionally caused injury to King, in that he struck King in the face with his fist (Count 1); committed the offense of aggravated battery, in that the defendant, in committing a battery, caused great bodily harm to King, in that he struck King in the face with his fist (Count 2); and committed the offense of aggravated battery, in that the defendant, while on public property in West Frankfort, struck King in the face with this fist (Count 3). The defendant was ordered to pay $900 in restitution for physical injuries sustained by King.
>
> *Counts 1[ home invasion] and 3 [aggravated battery] were dismissed when the defendant pled guilty to Count 2 [aggravated battery], which was amended to a misdemeanor.*

PSR ¶ 42 (emphasis added). Nowhere in this description of the offense does it say the charge of home invasion was reduced to aggravated battery. Instead, it clearly indicates the only offense for which Hebbeler was convicted was a misdemeanor battery charge.

Whitley was not deficient for failing to object to this correct description of one of Hebbeler's prior offenses, and Hebbeler suffered no prejudice because this offense did not contribute in any

4

meaningful way to the sentence the Court imposed.

        B.        <u>Ground 1.b</u>

Hebbeler faults Whitley for failing to object to a statement in the PSR that he used drugs in front of his children.

As with the previous argument, this ground for § 2255 relief challenges the accuracy of a statement in the PSR that did not contribute to the calculation of his guideline sentencing range and that therefore did not impact a custodial aspect of his conviction. Therefore, it is not cognizable in this § 2255 proceeding.

Even if it were, again Hebbeler is mistaken about what the PSR actually says. In ¶ 11 it states, "The defendant's nine-year old daughter was *present for the [controlled methamphetamine] transactions* occurring on February 2, 2015, and on April 7, 2015" (emphasis added). Indeed, at sentencing the Court referred to these instances as "*commit[ting] the offense* in the presence of a child," Sent. Tr. 12 (emphasis added), not *using drugs* in front of a child. Later the PSR reported, "The defendant's daughter stated her father hid his substance abuse and *never used illegal drugs when his children were present*." PSR ¶ 93 (emphasis added). Hebbeler's assertion that the PSR stated he used drugs in front of his children is pure fantasy, and Whitley's failure to object to a non-existent statement was not deficient performance.

Additionally, although the Court expressed displeasure that Hebbeler would *sell* drugs in the presence of a child, it was never under the impression that he *used* drugs in front of a child. In fact, the statement of Hebbeler's daughter left the opposite impression—that Hebbeler did *not* use drugs in front of his children. Therefore, the Court could not have factored that into Hebbeler's sentence, and Hebbeler suffered no prejudice from Whitley's performance in this regard.

C.   Ground 3

Hebbeler faults Whitley with failing to object to the Court's use of certain state convictions listed in the PSR to support "career criminal" status. Hebbeler was not convicted under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and was not determined to be a career offender under United States Sentencing Guideline Manual ("U.S.S.G.") § 4B1.1, so the Court presumes he is referring simply to the use of convictions to support his criminal history category under U.S.S.G. § 4A1.1.[2]

Whitley was not deficient for failing to object to the use of the convictions to establish Hebbeler's criminal history category on the grounds that they were too old. It is true that the sentencing guidelines place some limits on the age of prior convictions that can be counted to award criminal history points. Under the guidelines, otherwise countable adult offenses may be used if they fall into either of these two categories:

> (1)   Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.
>
> (2)   Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

U.S.S.G. § 4A1.2(e).

The Court used three prior convictions to award Hebbeler criminal history points:

- Unlawful possession of cannabis (Franklin County Case No. 2005-CF-208), for which Hebbeler was sentenced on September 27, 2005, to 24 months of probation (PSR ¶ 49);

- Driving under the influence of alcohol (Franklin County Case No. 2008-DT-28), for which Hebbeler was sentenced on May 7, 2008, to 24 months of court supervision (PSR ¶ 50); and

---

[2] All references in this order are to the 2015 version of the sentencing guidelines under which Hebbeler was sentenced.

- Obstruction of a peace officer (Franklin County Case No. 2018-CM-562), for which Hebbeler was sentenced on December 17, 2013, to 24 months of conditional discharge (PSR ¶ 52).

All three of these prior convictions were imposed within ten years of the commencement of Hebbeler's offenses of conviction—from January 30, 2015, to April 7, 2015—so they all clearly met the guideline timing requirements under U.S.S.G. § 4A1.2(e)(2). Whitley was not deficient for failing to object to counting these convictions for criminal history purposes on the grounds that they were too old. Therefore, she was not constitutionally ineffective in this regard.

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Hebbeler's motion for leave to amend his § 2255 motion (Doc. 4);

- **REJECTS** Grounds 1.a, 1.b, and 3 as a basis for § 2255 relief;

- **ORDERS** the Government to file a response to Ground 2 within **THIRTY DAYS** of the date this order is entered. The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case. The Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response; and

- **DENIES as moot** in light of this order Hebbeler's motion to order the Government to respond to his § 2255 motion.

**IT IS SO ORDERED.**
**DATED: June 27, 2018**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**