UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY G. HEBBELER,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Case No. 17-cv-1114-JPG<br>Criminal Case No. 15-cr-40084-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Rodney G. Hebbeler's motion to withdraw his motion under 28 U.S.C. § 2255 (Doc. 11). Hebbeler filed his § 2255 motion (Doc. 1) on October 18, 2017. The Court performed its initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and rejected three of the four grounds—Grounds 1.a, 1.b, and 3—Hebbeler asserted as a basis for § 2255 relief (Doc. 7). As directed by the Court, the Government has responded to the fourth ground—Ground 2 (Doc. 9). Hebbeler now asks the Court to allow him to withdraw his § 2255 motion because he is "not in a very good situation" with respect to the motion. Pet.'s Mot. 1. In other words, Hebbeler believes he is unlikely to prevail in his current situation and would rather seek a sentence reduction under Federal Rule of Civil Procedure 35(b).

Before allowing Hebbeler to withdraw his motion, it is advisable to inform Hebbeler that his current motion will count as a § 2255 motion even if he withdraws it before all issues are resolved. A § 2255 motion counts if it is resolved by a decision on the merits or, after some substantive review by the Court, the petitioner voluntarily dismisses the motion when it becomes apparent an adverse ruling is forthcoming. *See Garrett v. United States*, 178 F.3d 940, 942-43 (7th Cir. 1999) (§ 2255 motion withdrawn before response from Government did not count);

*O'Connor v. United States*, 133 F.3d 548, 550-51 (7th Cir.1998) (§ 2255 motion rejected by Court as premature in light of pending appeal did not count); *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) (habeas petition voluntarily dismissed after it became clear petitioner could not succeed on evidentiary hearing counted).

Here, the Court has performed some substantive review of the petition in its initial review under Rule 4(b). In addition, the Government has performed substantial work in responding to the merits of the motion, which has apparently convinced Hebbeler that he is not well-placed to succeed on the motion. In these circumstances, Hebbeler's motion will count as his first § 2255 motion even if he voluntary withdraws or dismisses it. As a consequence, any subsequent § 2255 motion Hebbeler may want to file, even one seeking simply to reassert Ground 2, will be subject to the restrictions on second or successive motions set forth in § 2255(h). Under that provision, Hebbeler will not be able to file another § 2255 motion unless the Court of Appeals first certifies that the subsequent motion contains:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because it is unclear whether Hebbeler is aware of this consequence, the Court **WARNS** him now and will give him an opportunity to withdraw his motion to withdraw if he wants to avoid that consequence. Accordingly, the Court **ORDERS** that Hebbeler shall have up to and including September 4, 2018, to move to withdraw his motion to withdraw. Should Hebbeler ask to withdraw his motion to withdraw, the Court will continue to decide Ground 2. Should Hebbeler not ask to withdraw his motion to withdraw, the Court will dismiss his § 2255 motion

*without resolving Ground 2*, and Hebbeler will be unlikely to be able to raise that issue again. In either case, Hebbeler must seek leave from the Court of Appeals to file any subsequent § 2255 motion, *see Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996), and the only difference in his two options will be whether he obtains a decision on Ground 2 in the current proceeding.

**IT IS SO ORDERED.**
**DATED:  August 15, 2018**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**